# CIRCUIT COURT OF THE CITY OF RICHMOND

Lauretha C. Varisce

v.

Ford Motor Company

July 30, 1998

Case No. LC-207-3

BY JUDGE MELVIN R. HUGHES, JR.

An issue remaining for decision after the court's ruling in May is whether finance charges incurred in connection with the purchase of a new automobile are recoverable in an action against the manufacturer under the Motor Vehicle Warranty Enforcement Act (Lemon Law). The defendant Ford Motor Company takes the position that only those finance charges incurred after suit is filed are recoverable, not those incurred before.

The parties have stipulated the facts necessary to decide the issue. On February 22, 1995, plaintiff purchased a 1995 Ford Escort from a local Ford dealership for $13,555.20. Plaintiff financed $11,984.90 of the purchase price. The finance was at the annual interest rate of 18.75%. To date, plaintiff has incurred $6,426.69 in interest charges. Plaintiff filed the instant case on January 31, 1997. At that time, she had incurred $4,469.18 in interest charges.

As noted, plaintiff has filed her claim under the Lemon Law. She has also made claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Under § 59.1-207.13(A) of the Lemon Law, a plaintiff may recover:

[T]he full purchase price [of the motor vehicle], including any collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given the manufacturer, its agents or authorized dealer.

Ford resists any imposition of finance charges because to allow them would be a penalty due to plaintiff's failure to bring suit before two years after purchase and plaintiff's poor credit rating. Plaintiff on the other hand contends that the Lemon Law is a remedial legislation, to be construed liberally, and the statute does not direct that recoverable finance charges are only those incurred from the date suit is filed. The court agrees with the plaintiff.

First, the statute is remedial legislation. In § 59.1-247.10, the General Assembly expresses that the intent in enacting the Lemon Law is to allow the consumer a "full refund." Second, it has defined recoverable "collateral charges" to include "finance charges." See § 59.1-207.11. Third, the Lemon Law contains provisions allowing the manufacturer to correct nonconformities for a time following the date of original purchase.

Indeed, the Lemon Law requires the manufacturer to provide the consumer with a full refund once the requirements of the law are met. See § 59.1-207.13(A)(1) and (2). These include a reasonable number of repair attempts to correct the nonconformity. Thus, the statutory framework allows the manufacturer an opportunity to avoid any additional damages before suit is filed. Given the remedial nature of the statute and the steps allowed to clear a nonconformity, Ford cannot be heard to complain that pre-filing finance charges are not recoverable when such charges are included in the statute's collateral damages as a recoverable element. For these reasons, plaintiff here can seek and is entitled to the finance charges claimed.